IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| KESS TANI | * | |
| | * | |
| Plaintiff, | | |
| | * | |
| v. | | Civil Action No. |
| | * | |
| AT&T MOBILITY LLC | | |
| | * | |
| Defendant. | | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## NOTICE OF REMOVAL

Defendant AT&T Mobility LLC ("AT&T"),[1] by its undersigned counsel, hereby removes

this action from the Circuit Court for Cecil County, Maryland, to the United States District Court

for the District of Maryland, Northern Division in accordance with 28 U.S.C. §§ 1331 and 1332.

In support hereof, AT&T respectfully states:

1.      On April 29, 2010, Plaintiff Kess Tani ("Mr. Tani") commenced this action by

filing a Complaint in the Circuit Court of Maryland for Cecil County under the same title as

above and bearing Case No. C-10-164 (the "Complaint").

2.      AT&T was initially served with a summons and the Complaint on May 5, 2010.

As such, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

---

[1]     Mr. Tani has apparently attempted to name other defendants, including "...CEO, CFO, Presidents, Board of Directors, and other Yet to be Identified Defendants." Regardless, AT&T is the only Defendant that has been served with process in the state court action.

3.      The United States District Court for the District of Maryland, Northern Division, is the District Court of the United States embracing Cecil County, Maryland. *See* 28 U.S.C. § 100(1).

4.      In accordance with 28 U.S.C. § 1446(a) and Local Rule 103(5)(a), a copy of the Complaint, all process and pleadings served on AT&T, and all documents filed in the state court action are attached hereto as Exhibit 1.[2]

5.      Counts 1-4 and 10 of the Complaint allege violations of state and federal laws, including 15 U.S.C. §§ 1125(a) and 1692 , 18 U.S.C. § 1341, and 18 U.S.C. §1843.

6.      Counts 5-9 and 11 of the Complaint allege only violations of federal law, including 15 U.S.C. §§ 1692(c), (d), (e), and (g).

7.      Any civil action filed in a state court, over which a federal district court would have original jurisdiction, shall be removable by a defendant to the district court of the United States for the district and division where the action is pending. 28 U.S.C. § 1441(a) & (b).

8.      As discussed below, this Court has both federal question jurisdiction and diversity jurisdiction over this case.

**Federal Question Jurisdiction**

9.      Federal district courts have original jurisdiction over all civil actions arising under the Constitution, law or treaties of the United States. 28 U.S.C. § 1331. Therefore, this Court has original jurisdiction over all federal claims.

---

[2]      Page "50 of 51" was missing from the copy served on AT&T and was also missing from the Court's file. Consequently, page 50 of the Complaint is not included with Exhibit 1.

1061372.5 6/3/10

10.	The state law claims are so related to the other federal claims that they form part of the same case and controversy under Article III of the United States Constitution.  As a result, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367.

11.	Because this Court would have original jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state law counts pursuant to 28 U.S.C. § 1367, removal to federal district court is permissible.

**Diversity Jurisdiction**

12.	The caption of the Complaint provides that Mr. Tani resides in North East, Maryland.

13.	For the purposes of diversity jurisdiction, AT&T is not deemed to be a resident of Maryland because none of its members are deemed to be citizens of Maryland.  *See* 28 U.S.C. § 1332(c)(1).

14.	The matter in controversy is alleged to exceed $75,000.  (*See* Complaint, ¶ 12)[3] Accordingly, this is a civil action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000.00 and is between citizens of different states.  This matter, therefore, is independently removable pursuant to 28 U.S.C. § 1441.

15.	As of the time of filing this Notice of Removal, no other Defendants, if any, have been served with the Complaint.

---

[3]	"Generally, the amount requested in the complaint determines the amount in controversy." *Momin v. Maggiemoo's Intern., L.L.C.* 205 F.Supp.2d 506, 509 (D.Md. 2002) (citation omitted). *See also Biktasheva v. Red Square Sports, Inc.*, 366 F. Supp. 2d 289, 294-295 (stating that "[b]oth punitive damages and attorneys' fees have long been included in determining whether the amount in controversy requirement has been met") (citations omitted).

16.     Contemporaneous with the filing of this Notice of Removal, AT&T will furnish
written notice thereof to Mr. Tani and shall file and serve a copy of this Notice with the Clerk of
the Circuit Court for Cecil County, Maryland, pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendant AT&T Mobility LLC hereby removes this action from the
Circuit Court of Maryland for Cecil County to the United States District Court for the District of
Maryland, Northern Division.

Dated:          June 3, 2010

Respectfully submitted,

Jason M. St. John, Esquire
Federal Bar No.: 26384
Gregory E. Rapisarda, Esquire
Federal Bar No.: 28213
SAUL EWING LLP
500 East Pratt Street, 8th Floor
Baltimore, Maryland 21202
Telephone:(410) 332-8898
Facsimile: (410) 332-8288
Email:     jstjohn@saul.com
           grapisarda@saul.com

and

Kevin S. Ranlett, Esquire
Mayer Brown LLP
1999 K Street, N.W.
Washington, DC  20006-1101
Telephone:(202) 263-3217
Facsimile: (202) 263-5217
Email:     kranlett@mayerbrown.com

Counsel for Defendant,
AT&T Mobility LLC

4

1061372.5 6/3/10

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of June, 2010, a copy of the foregoing Notice

of Removal was sent by first-class mail, postage prepaid, to:

> Kess Tani
> P.O. Box 794
> North East, Maryland 21901
>
> *Pro Se* Plaintiff

Gregory E. Rapisarda

1061372.5 6/3/10